# ANDREW FORSYTHE

*v.*

# SETH W. HARDIN.

1. EJECTMENT—*evidence of outstanding title.* The plaintiff in an action of ejectment deduced title through a sale under judgment and execution against a prior owner and sheriff's deed. The defendant offered in evidence a prior deed made by the same owner in trust for the benefit of creditors, which was recorded before the recovery of the judgment under which the lands were sold, to defeat a recovery by showing an outstanding title. This deed was held to be fraudulent on its face in imposing conditions and restrictions which were onerous and illegal: *Held,* that such deed being void could not be used to show an outstanding title.

2. EVIDENCE—*proof of execution—attesting witness.* The rule which requires that the attesting witness to a written instrument shall be called to prove its execution, if within the State, has no application to a case where both parties to the instrument are in court and waive their right to insist on producing such witness.

3. The reason for the rule requiring that the subscribing witness shall be called to prove the execution of a written contract, is to protect the interest of the party sought to be charged. Such party is a competent witness to prove its execution without producing the attesting witness. To deny the parties to such contract the right to admit its execution is entirely captious.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of ejectment brought by Hardin, appellee, to recover certain land in Will County.

The appellee read in evidence the register's certificate, showing that, in May, 1836, one William B. Egan purchased of the United States the whole section of which the land in dispute formed a part; also a patent from the United States to Egan, dated October 1, 1839. It was also shown that, in July, 1837, one Hastings recovered judgment against Egan in the Municipal Court of Chicago, upon which execution, dated October 25, 1837, was issued, directed to the sheriff of Will County, and levied upon the land, and it was sold, and sheriff's deed was

made to Bailey & Reynolds, from whom the plaintiff below deduced his title.

The defendant below (appellant) offered in evidence a deed made by Egan on the first day of July, 1837, to Breese in trust for the payment of his creditors. This deed imposed upon a class of creditors a condition that they should be excluded from the benefit of the assignment unless they should formally accept its provisions within thirty days after notice. The trustee was authorized to sell at private sale within two years, at his discretion; fix prices and terms; to sell or mortgage for the payment of taxes. The facts in relation to this deed appear more fully in *Hardin* v. *Osborne*, 60 Ill. 93.

The instructions given and refused, referred to in the opinion, relate to the effect of this fraudulent deed from Egan to Breese.

Messrs. SCAMMON, McCAGG & FULLER, for the appellant.

Mr. EDMUND S. HOLBROOK and Mr. G. D. A. PARKS, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The main error assigned by appellant is the exclusion of the deed from Egan to Breese as evidence of outstanding title. This has been determined against him upon the authority of *Hardin* v. *Osborne*, 60 Ill. 93.

The same case disposes of the errors assigned in giving and refusing instructions.

The cross errors are, by the same opinion, settled in favor of appellee, except the refusal of the court to permit the lease from Hardin to Hamilton to be used as evidence.

There was a subscribing witness to the lease resident in the State, and the court excluded it because he was not produced.

Both parties to the lease were present in court, and were offered to prove the execution, and stated that they did not desire the presence of the subscribing witness, and acknowledged the execution in open court.

The reasons given for the rule that a subscribing witness

must be called, if within the jurisdiction of the court, do not apply to this case. Greenleaf says (Greenleaf Ev. 1, Sec. 569) the reason upon which the rule seems best founded, is that a fact may be known to the subscribing witness not within the knowledge or recollection of the obligor, and he is entitled to avail himself of all the knowledge of the subscribing witness relative to the transaction. This is deduced from the case of *Call* v. *Dunning*, 4 East. 53.

Another reason assigned is, that the party to whose execution he is a witness is considered as invoking him as the person to prove what passed at the time of the attestation. *Cussons* v. *Skinner*, 11 M. & W. 168.

In *Hollenback* v. *Fleming*, 6 Hill 303, it is said that the subscribing witness must be called, because he may state the time of the execution, and other material facts which may not be within the knowledge of any other witness.

The reasons given for the rule seem to be for the benefit of the obligor, or, in this case, the covenantor. The lessor and lessee were both present in court, and were willing to waive any right as to the presence of the witness. Besides, the lessor, who was plaintiff in the suit of ejectment, was a competent witness, and he, together with the lessee, must have known every material fact relative to the execution of the lease. A denial to the parties to a contract, under the circumstances, of the right to admit its execution, would be entirely captious.

The judgment is reversed upon the cross errors, and the costs are directed to be taxed against appellant, and the cause is remanded.

*Judgment reversed.*